IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

29 NORTH LLC,

                Plaintiff,                          OPINION AND ORDER

     v.                                                 14-cv-428-wmc

STARR SURPLUS LINES INSURANCE
COMPANY,

                Defendant.
───────────────────────────────────────────────

      Plaintiff 29 North LLC filed suit in this court alleging a breach of contract claim and a bad faith claim against its insured Starr Surplus Lines Insurance Company for failing to cover damages caused by a fire at plaintiff's commercial property. (Compl. (dkt. #1).) 29 North alleges that this court may exercise diversity jurisdiction to decide these state law claims pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 4.) Because the allegations in the complaint are insufficient to determine if this is so, 29 North will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

      "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

1

dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 4.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations prevent this court from determining plaintiff's citizenship.

"The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of its members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, plaintiff alleges that it is "a Wisconsin limited liability company with its principal office located at . . . Saint Germain, Wisconsin[.]" (Compl. (dkt. #1) ¶ 2.) As the Seventh Circuit has instructed, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009). Relatedly, plaintiff also fails to allege the specific state in which the defendant is incorporated. 28 U.S.C. § 1332(c)(1).

Before dismissing this action for lack of subject matter jurisdiction, 29 North will be given leave to file within 14 days an amended complaint that establishes subject

matter jurisdiction by alleging the names and citizenship of each of its members. In alleging an LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").

ORDER

IT IS ORDERED that:

1) plaintiff 20 North LLC shall have until July 8, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 24th day of June, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge