IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

29 NORTH LLC,

                Plaintiff,                      OPINION AND ORDER

     v.                                          14-cv-428-wmc

STARR SURPLUS LINES INSURANCE
COMPANY,

                Defendant.

---

     In an order dated June 25, 2014, the court required plaintiff 29 North, LLC to amend its pleading with allegations sufficient to demonstrate jurisdiction pursuant to 28 U.S.C. § 1332(a). (Dkt. #5.) Before the court is plaintiff's amended complaint (dkt. #6), which also fails to allege properly plaintiff's own citizenship. After the court instructed plaintiff that its citizenship as an LLC is the citizenship of each of its members, plaintiff alleged in its amended complaint that its sole member is a trust located in Wisconsin, and that, therefore, 29 North is a citizen of Wisconsin. (Am. Compl. (dkt. #6) ¶ 2.) Plaintiff is again mistaken. "The citizenship of a trust is that of the trustee." *See Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980)). Since plaintiff's amended complaint neither alleges the identity of the trustee of Lynn Reid 2 Irrevocable Trust, nor, more importantly, the citizenship of that trustee, it remains inadequate.

     After having alerted plaintiff to a defect in its original complaint, the court is perplexed by plaintiff's counsel's apparent failure to treat the allegations in the amended

complaint with care. To the extent that plaintiff's counsel does not understand the court's concerns, counsel should review Seventh Circuit cases sanctioning attorneys for failing to submit adequate and correct jurisdictional statements. *See, e.g., Thomas v. Guardsmark, LLC*, 487 F.3d 531, 535 (7th Cir. 2007) (sanctioning counsel $1000 for filing inadequate jurisdictional statement). The court will not sanction plaintiff's counsel at this time, though it will order plaintiff's counsel (1) to circulate this order and the court's June 25, 2014, order, to all attorneys at his firm who have appeared or may appear in the Western District of Wisconsin and (2) to notify the Clerk of Court in writing when this has been accomplished.

The court will also afford plaintiff one last chance to plead jurisdiction properly. Failure to do so will result in a prompt dismissal for lack of jurisdiction.

ORDER

IT IS ORDERED that:

1) plaintiff 29 North LLC shall have until July 16, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332;

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction; and

3) by July 16, 2014 plaintiff's counsel shall certify in writing to the Clerk of Court that all attorneys in his firm who have appeared or may appear in the Western District of Wisconsin have received this order and the court's earlier jurisdictional order (dkt. #5).

Entered this 9th day of July, 2014.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge